IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTYN WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. Action No. 16-205-GMS |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

    The petitioner, Justyn Wilson ("Wilson"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a motion for relief under Federal Rules of Civil Procedure Rule 81(b), construed as a petition for writ of mandamus. (D.I. 2.) Wilson appears *pro se*. For the reasons discussed below, the court will dismiss the petition.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

    Wilson pled guilty and was sentenced in the Superior Court of the State of Delaware. On January 13, 2016, the Delaware Supreme Court received Wilson's notice of appeal from an April 23, 2010 Superior Court sentencing order. *See Wilson v. State*, 2016 WL 806291, at *1 (Del. Mar. 1, 2016). Pursuant to Delaware Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before May 24, 2010. The Delaware Supreme Court ordered Wilson to show cause why his appeal should not be dismissed for failure to file a notice of appeal within 30 days after a sentence is imposed as required by Supreme Court Rule 6. Wilson responded that his attorney ignored his wishes to file a notice of appeal from his guilty plea and misinformed him of his appeal rights. Wilson asked that the matter be reversed and remanded for resentencing so that he could file a timely notice of appeal. The Delaware Supreme Court

dismissed the appeal finding that the case did not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.[1]

Wilson contends that the Delaware Supreme Court clearly made a decision that is contrary to established federal law. He asks this court to intervene and revisit the Delaware Supreme Court's prior decisions and to order it to proceed in accordance with the rulings of the United States Supreme Court. (D.I. 1.)

### III. DISCUSSION

Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). A federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining" a petition for a writ of mandamus, the court "must identify a jurisdiction that the issuance of the writ might assist.") Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361.[2] Wilson does not allege any action or omission by a federal officer, employee, or agency that this court might have mandamus jurisdiction to address in the first instance. Instead, Wilson asks this

---

[1] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered. *See Wilson v. State*, 2016 WL 806291, at *1.

[2] To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

court to exercise mandamus jurisdiction over the Delaware Supreme Court to intervene in proceedings before the Delaware Supreme Court, to revisit prior decisions by the Delaware Supreme Court, and to order the Delaware Supreme Court to proceed with Wilson's appeal.

This court does not have jurisdiction to grant the request. *See In re Wallace*, 438 F. App'x 135 (3d Cir. 2011) (unpublished) (federal court lacked jurisdiction to compel state court to dismiss criminal charges against petitioner); *see also In re Wolenski,* 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) ("[W]e cannot . . . use our power to issue mandamus to a state judicial officer to control or interfere with state court litigation, thus exceeding our jurisdiction"). As explained by the Court of Appeals for the Third Circuit, "[s]tate courts are not 'lower courts' from this Court's perspective, and principles of comity and federalism ensure that a federal court ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." *In re Whiteford,* 2013 WL 979413, at *1 (3d Cir. Mar. 14, 2013) (internal citations omitted).

This court lacks jurisdiction to consider Wilson's petition. Nor has Wilson demonstrated his entitlement to a writ of mandamus. Accordingly, the court will dismiss the petition for want of jurisdiction.

## IV. CONCLUSION

For the above reasons the court will dismiss the Petition for writ of mandamus for want of jurisdiction.

An appropriate order will be entered.

_April 18_, 2016
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE